## TRAWEEK et al. v. MAGNOLIA GAS PRODUCTS CO. et al.

### No. 3287.

Court of Civil Appeals of Texas. Beaumont.

Nov. 27, 1937.

Rehearing Denied Dec. 8, 1937.

George Powell, of San Antonio, for appellants.

Johnson, Rogers & Slatton, of San Antonio, for appellees.

WALKER, Chief Justice.

On the 8th day of May, 1929, appellants, Mrs. Katie Traweek, for herself and as next friend for her minor son, Zilmon Traweek, instituted suit No. B–54869 in the district court of the Thirty-Seventh judicial district of Bexar county against appellees, Magnolia Gas Products Company et al., and South Texas Cotton Mill Company, to recover damages for the death of J. A. Traweek, her husband, for personal injuries received by each of them, for doctor bills, funeral expenses, etc., and for damages to their automobile. For cause

of accident she alleged that, on the 10th day of September, 1928, the three Traweeks were driving in their automobile in a westerly direction on East Commerce street in the city of San Antonio and were struck by a truck being driven at the time in an easterly direction on East Commerce street; that the collision occurred at the intersection of East Commerce street and Hackberry street; that, as a result of the collision, J. A. Traweek was killed, and she and Zilmon suffered the injuries and damages sued for; that the truck belonged to appellees; and that the driver was guilty of certain acts of negligence proximately causing the collision. On the same cause of action appellants instituted three additional suits in the district courts of Bexar county. On the 7th day of May, 1929, before the institution of cause No. B–54869, appellants entered into a written agreement with appellees, whereby they settled their four suits with appellees for the sum of $350 paid Mrs. Traweek and $200 paid Zilmon Traweek. That agreement was presented to the court in cause No. B–54869 and, after hearing testimony on its merits, the court on that day entered its judgment approving the settlement as the parties had made it, reciting that appellants appeared in person and by their attorneys, the details of the settlement, and further as follows:

"And the court having investigated the matter and having heard the pleadings, the evidence and the argument of counsel, is of the opinion and finds that the liability of the defendants herein to the plaintiffs herein is uncertain, and the court further finds that said compromise settlement so made should be, and it is hereby approved. It is therefore hereby ordered, adjudged and decreed by the court that Mrs. Katie Traweek, individually, do have and recover of and from defendants, Magnolia Gas Products Company, & South Texas Cotton Oil Co., jointly & severally, said sum of Three Hundred fifty ($350.00) Dollars, together with interest thereon from this date until paid at the rate of six (6%) per cent, per annum, together with all costs of court herein, and that Zilmon Traweek, a minor, suing herein through Mrs. Katie Traweek, his mother and next friend, do have and recover of and from the defendants Magnolia Gas Products & South Texas Cotton Oil Co., jointly & severally, said sum of Two Hundred ($200.00) Dollars with interest thereon from this date until paid at the rate of six (6%) per cent, per annum together with all cost of court herein.

"It is further ordered and decreed that said sum of Two Hundred ($200.00) Dollars adjudged said minor be paid into the registry of this court for the benefit of said minor.

"It appearing to the court that said amount has been paid in full into the registry of this court, and this judgment satisfied in full, it is ordered that no execution issue herein, except as to costs of court.

"And it further appearing to the court that Zilmon Traweek, a minor, has been represented herein by his mother, Mrs. Katie Traweek, who instituted this suit as next friend, it is ordered that the clerk of this court pay said sum of Two Hundred ($200.00) Dollars to the said Mrs. Katie Traweek for the use and benefit of the said Zilmon Traweek whenever the said Mrs. Katie Traweek shall have executed a good and sufficient bond in the sum of Four Hundred ($400.00) Dollars payable to the County Judge of Bexar County, Texas, conditioned as required by law in such cases. W. S. Anderson, Judge."

On the 30th day of August, 1932, appellants, plaintiffs in cause No. B–54869, instituted this suit in the nature of a bill of review to set aside the judgment of settlement, alleging that Mrs. Traweek was fraudulently induced to make the settlement with appellees and fraudulently induced to make herself a party to the judgment approving the settlement; that Jack Cunningham, appellees' agent, defrauded and "overreached" her in the settlement, by making to her false representations that Mrs. Traweek did not understand the terms of the settlement agreement executed by her on the 7th day of May, 1929. Appellees answered by pleas of general and special demurrers, general denial, special pleas admitting the execution of the settlement agreement and the rendition and entry of the judgment approving the settlement, which they plead in bar of appellants' cause of action; pleas of contributory negligence, etc.

The jury found against appellants on each and every ground alleged by them for setting aside the settlement agreement and the judgment approving it. The jury also found in favor of appellees on all issues of contributory negligence submitted by the court's charge. On the verdict,

judgment was entered that appellants recover nothing. They prosecuted their appeal to the San Antonio Court of Civil Appeals; the case is before us on order of transfer by the Supreme Court.

## Opinion.

On the trial of the case appellants reserved no exceptions to the court's charge; therefore, all assignments based upon exceptions to the charge are overruled.

Question No. 1, answered by the jury "No," was submitted as follows: "Question No. 1: Do you find from a preponderance of the evidence, that Katie Traweek, on the 8th day of May, 1929, did not understand that she was, for herself and Zilmon Traweek, accepting the $550.00 as full and final settlement of all claims growing out of the collision at Hackberry and Commerce Streets on September, 10th, 1928?

We overrule appellants' contention that by their answer to question No. 1, the jury found that Mrs. Traweek did not understand the terms of her settlement agreement with appellees. The jury found that she did understand her agreement.

By Questions Nos. 2 and 3 the jury found that Jack Cunningham, appellees' agent, did not fraudulently induce Mrs. Traweek to execute the settlement agreement and to be a party to the judgment of the court approving the settlement. The evidence was conclusive, at least it raised the issue, that Mrs. Traweek understood exactly what she was doing when she signed the agreement and made herself a party to its judicial approval. Appellees proposed the settlement in a personal conference with Mrs. Traweek but refused to make any settlement until she consulted with attorneys. She then went to the office of a firm of lawyers, who, on her statement to them, told her she should have $15,000 or $20,000 but, after they understood the facts and had had a conference with Mrs. Traweek and with appellees' agents, they advised her to take the $550. After the agreement was executed by her, it was submitted to the court and approved only after the court had heard evidence upon its merits. Mrs. Traweek was a party to the judgment and understood exactly what the court was doing.

Answering question No. 13, the jury found that Zilmon Traweek, the driver of the automobile, as he entered the intersection of Commerce and Hackberry streets "failed to keep such a lookout as a reasonably prudent person would have kept under the same or similar circumstances." We quote from the testimony of L. C. Luckenbach who was a witness before the court when the judgment was entered approving the settlement agreement: "I remember the occasion of an accident on or about the 10th of September, 1929, about eleven o'clock, near the corner or at the corner of East Commerce and Hackberry Streets. A touring car and truck were involved in that accident. The truck was traveling east on Commerce and the touring car was going west on Commerce. Before the accident the truck was standing still waiting for the lights to turn and when the lights turned green the truck proceeded and made the turn into Hackberry Street. He made a very nice regular turn. I would say he was past the center of the street when he made the turn. When he made the turn this touring car was traveling west on Commerce and at a moderate speed and just ran into the truck. That's all there was to it. It hit the right hand side of the truck sort of towards the rear. When it struck it the front end of the truck was still very close to the center of Commerce Street. It was a large truck. Three people were in the touring car. There was an old gentleman and old lady and a boy. The boy was driving the touring car." The answer to question No. 13 has support in the evidence.

The judgment of the lower court is affirmed.